**UNITED STATES of America,**
**Appellee,**

v.

**Ramzi Ahmed YOUSEF, Defendant–**
**Appellant.**

No. 11–3920.

United States Court of Appeals,
Second Circuit.

Sept. 4, 2012.

Bernard V. Kleinman, White Plains, NY, for Defendant–Appellant.

Nicholas J. Lewin, Assistant United States Attorney (Andrew L. Fish, Assistant United States Attorney, on the brief), for Preet Bharara, United States Attorney, United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, CHESTER J. STRAUB and PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Defendant-appellant Ramzi Ahmed Yousef ("Yousef") appeals from the July 22, 2011 order of the District Court transferring his petition for a writ of habeas corpus to the United States District Court for the District of Colorado. We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues on appeal.

At the outset, we must consider whether we have jurisdiction to hear this appeal under 28 U.S.C. § 1291, which provides courts of appeals with jurisdiction to consider appeals from "final decisions of the district courts." 28 U.S.C. § 1291. The parties do not dispute that an order transferring a habeas petition is not a final decision within the meaning of § 1291. *See Cruz v. Ridge,* 383 F.3d 62, 64 (2d Cir.2004); *Murphy v. Reid,* 332 F.3d 82, 83 (2d Cir.2003).

In *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), the Supreme Court recognized an exception to the final judgment rule, which has come to be known as the "collateral order doctrine." *Id.* at 545–47, 69 S.Ct. 1221; *see Murphy,* 332 F.3d at 83–84. To qualify for the exception, "an order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Id.* at 83 (internal quotation marks omitted). We have previously held that orders transferring habeas petitions are not reviewable under the collateral order doctrine. *See Cruz,* 383 F.3d at 64–65; *Murphy,* 332 F.3d at 84–85. We decline the defendant's invitation to revisit that holding in this case, and we therefore conclude that we lack jurisdiction over this appeal.

In the absence of jurisdiction, we also cannot consider the claim of Yousef's counsel that the District Court improperly refused to sign a voucher for funds under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. *See United States v. Yousef,* 395 F.3d 76, 78 (2d Cir.2005). We note, however, that it would be far preferable for the transferor District Court to provide a reason on the record for his decision not to authorize CJA payment. In the event that such a reason is not forthcoming, we take the liberty of advising the transferee District Court (the District of Colorado) to make further inquiries into the matter.

### CONCLUSION

We have considered all of Yousef's other arguments on appeal and conclude that each of them is without merit. Accordingly, the appeal is **DISMISSED** for lack of jurisdiction.